PROB 12C
(6/16)

Report Date: March 19, 2024

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2024

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Michael John Coe | Case Number: 0980 2:15CR00126-WFN-1

Address of Offender: [redacted], Airway Heights, Washington 99001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: September 8, 2016

| | | |
|---|---|---|
| Original Offense: | Possession With Intent to Distribute Heroin, 21 U.S.C. § 841(a)(1), (b)(1)(C) | |
| Original Sentence: | Prison - 48 Months;<br>TSR - 84 Months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(January 18, 2023) | Prison - 8 Months;<br>TSR - 36 Months | |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: August 4, 2023 |
| Defense Attorney: | Amy H. Rubin | Date Supervision Expires: August 3, 2026 |

---

## PETITIONING THE COURT

To incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 10/19/2023, and 01/04/2024.

On August 8, 2023, Mr. Michael John Coe signed his conditions relative to case number 2:15CR00126-WFN-1, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **Mandatory Condition #1**: You must not commit another federal, state or local crime<br><br>**Supporting Evidence**: Mr. Coe is alleged to have violated mandatory condition number one by having been arrested on March 4, 2024, for the offense of Driving Under the Influence, in violation of 46.61.502, a gross misdemeanor.<br><br>Specifically, on March 4 and 5, 2024, the undersigned officer received a number of automated notifications, revealing the client’s name being ran by law enforcement. On March 5, 2024, the undersigned officer was subsequently able to determine that the client had been processed into the Spokane County Jail for the offense of driving under the influence. |

On March 5, 2024, Mr. Coe released from the Spokane County Jail. On March 6, 2024, the undersigned officer was able to contact Mr. Coe telephonically, following a voice mail received from him. Mr. Coe was directed to report on the day in question for urinalysis testing, but subsequently advised of his inability to do so as he had no vehicle and had been unable to arrange transportation.

On March 7, 2024, Mr. Coe reported to the U.S. Probation Office as directed, and did submit to urinalysis testing, the result proved negative for all substances. A sweat patch was applied to Mr. Coe's person, and the results remain pending. Mr. Coe indicated his inability to recall much of what had occurred on the day in question. Mr. Coe did indicate that whatever instability had impacted him, had also impacted him throughout the day, clarifying that his supervisor had actually taken him in for urinalysis testing while on the job site, after observing him to have fallen asleep while driving a forklift. Mr. Coe indicated that the test result returned negative.

Mr. Coe indicated that he recalled returning home and going to sleep, and then did not remember anything else vividly until waking in the Spokane County Jail. Mr. Coe denied any knowing use of drugs or alcohol occurring, and stated that upon being contacted by law enforcement, he did recall that the officer had informed him that he had struck a barrier on Interstate 90 and there was damage to his vehicle.

On March 14, 2024, the relevant records were received by the U.S. Probation Office specific to Mr. Coe's arrest on March 4, 2024. According to the received records, on March 4, 2024, the Washington State Patrol responded to a report of a vehicle striking a barrier on Westbound Interstate 90. A vehicle matching the description of the suspect vehicle was subsequently located at the Flying J Truck Stop on South Geiger Boulevard, after which Mr. Coe was contacted and identified by the trooper as the driver of the vehicle. Upon arrival the vehicle was described as still trying to move forward, but at a very slow rate. The responding trooper positioned his vehicle in front of Mr. Coe's and activated his emergency lights. Mr. Coe was observed by the trooper to be sitting in the driver's seat, and was described by the trooper as having a "thousand-yard stare." The trooper noted that the vehicle then slowly began to reverse. The trooper approached the driver's side of the vehicle, and was ultimately able to assist Mr. Coe in exiting the vehicle, as Mr. Coe was having difficulty doing so.

Mr. Coe was described as unsteady on his feet and having slow, delayed speech. Mr. Coe struggled to follow officer directives, and seemed unable to recall the events that occurred prior to his contact with law enforcement. Mr. Coe's vehicle was described as missing one front tire completely, and the other front tire was flat. Mr. Coe admitted to having "maybe a couple beers" earlier in the day, clarifying that it had occurred about 3 hours ago. Mr. Coe also admitted to taking his prescribed methadone earlier in the day, and advised he had never been notified that he could not drive while taking the prescription. Mr. Coe did indicate to the officer that he had recalled striking the barrier on Interstate 90, but indicated that he could not remember why he struck it. Mr. Coe subsequently performed poorly during field sobriety testing, and a preliminary breath test yielded a result of .057. Mr. Coe was restrained and arrested for driving under the influence. The arresting officer also noted observing a Mikes Hard Lemonade can on the passenger side floor board of the vehicle, but indicated that he could not discern whether it was opened or sealed.

Mr. Coe subsequently underwent an assessment by a drug recognition expert (DRE) in which the evaluation concluded that Mr. Coe was impaired by a narcotic analgesic and a

CNS depressant. Mr. Coe submitted to both medical clearance and a warrant blood draw prior to being booked into the Spokane County Jail. Mr. Coe's next scheduled court appearance related to the arrest is currently set for March 25, 2024, at 1:30 p.m., in Spokane.

5 **Special Condition #5**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Coe is alleged to have violated special condition number 5 by ingesting alcohol, previously occurring on or about March 4, 2024, based on his admission to law enforcement.

Specifically, on March 4, 2024, Mr. Coe was contacted by law enforcement as a part of their investigation into a report of a vehicle striking a barrier on Westbound Interstate 90 in Spokane. Mr. Coe was subsequently determined to be the driver of the vehicle and during questioning, admitted to the investigating trooper that he had ingested "maybe a couple beers" approximately 3 hours prior. Mr. Coe submitted to a preliminary breath test, which reflected a .057 test result. The report received relative to the incident also outlines the trooper having observed a Mikes Hard Lemonade can on the passenger floor board of Mr. Coe's vehicle, although the trooper indicated that he was unsure whether the can was opened or still sealed.

On March 18, 2024, Mr. Coe was contacted in response to the allegation that he had ingested alcohol. Mr. Coe indicated that he did not specifically remember drinking alcohol on the day in question, or admitting having drunk alcohol to the trooper during questioning. Mr. Coe also denied his awareness that there either had been or was a can of Mike's Hard Lemonade in his vehicle, although he committed to checking. When confronted as to the .057 preliminary breath test results, Mr. Coe stated that he must have drunk something as "those tests do not lie."

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 19, 2024

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

3/20/2024

Date